087049, Carey, the Secretary of Veterans Affairs. Yes, please. Let's wait for just a second. Good morning, Your Honor. Sandra Booth on behalf of the appellant Mary Carey. Title 38 of the statutes and regulations, as well as case law, have developed a substantial body of evidence in the veterans' benefits arena that define or create standards, objective standards, that evidence must meet in order to be considered in the ultimate adjudication of a benefits claim. As this Court alluded to in Jandrow, this functions roughly analogous to the traditional rules of admissibility in a civil case, albeit relaxed in the veterans' arena. The narrow issue that Mrs. Carey presents is whether or not the CAVC's review of whether a medical report is legally sufficient is reviewed under the de novo standard or reviewed under the clearly erroneous, highly deferential standard. It would help me if you could explain to me what do you mean by reviewed de novo in the veterans' court? What do you say the veterans' court should have done that it didn't do in this case? What should it have done? Should it have just itself looked over all of the evidence and made a decision whether or not the prostate cancer had spread? No, Your Honor. That's for the trial court. Well, exactly. But the critical issue, of course, is whether Mr. Carey had metastasis at the time. By the time he was already diagnosed with prostate cancer, that's a highly technical medical fact-finding. That's a factual question. That is a factual question, but the board is not competent to make that decision without medical expertise. Well, still, I don't understand. Are you saying that what the court should have done is looked just at the evidence that supported the decision of the board and itself decided whether or not that evidence was enough? No. Then I don't understand what you mean by reviewed de novo. Okay, Your Honor. We are not looking for a new adjudication on the merits of the claim. We are looking at the narrow question, as discussed in Kent, about whether or not the correct legal criteria were set. Well, I'm trying to find out. When you keep telling me the correct legal criteria is de novo review, and I'm asking you what would that entail? Well, excuse me, Your Honor. I didn't mean to interrupt. It would be helpful if you could tell me just how do you think the court, the Veterans Court, should have dealt with this case? What should it have done? If I may take just a minute to put the case in context, I think I can explain that better then. We've been very careful to avoid discussing the facts, to avoid running astray of the court's jurisdictional limits. But the context of the case is that whether or not Mr. Cary's disability was his prostate cancer, that's not service-connectable. What is service-connectable under the no-fault provisions of 1151 is the aggravation, which would be the metastasis. So although Mrs. Cary need not have evidence that VA was negligent in diagnosing the veterans and how it evaluated whether his cancer had metastasized, she must be able to show that there was a causal connection between the diagnosis of prostate cancer and metastasis and then the veterans' eventual death. Let me restate that. The case turns on whether or not he was metastatic because that drove the treatment options. If he was not metastatic in September 1980 when diagnosed with prostate cancer... Let me come back. You're talking about the merits of the factual determination. I'd still like to find out from you what should the Court of Veterans' Appeals do that it didn't do in this case? Did it ask the wrong question? The Veterans' Court? What the Court should have done was addressed our argument about the legal sufficiency of the evidence, and that was based on... I don't know what you mean by the legal sufficiency. You mean whether there was enough evidence to sustain the finding? No, no. Whether or not... There's one negative medical opinion. Mrs. Cary's medical expert said there was not sufficient evidence in the file in September 1980 to support metastasis. That diagnosis was made on the basis of a bone scan, and he submitted treatise evidence and also opinion evidence that the bone scan is so sensitive that it indicates about 50 different diagnoses. When you talk about the sufficiency, the adequacy of the evidence, it seems to me you're talking about the weight of the evidence, not about whether the particular type of evidence was valid to sustain it. For example, if the only evidence they had to show that this cancer had spread was the opinion of a first-year medical student, I would agree. So that evidence is not enough. But we have evidence by a medical expert, by two doctors at the VA, and that's contradicted by evidence of a radiologist that she produced. So we've got conflicting evidence. Now, it seems to me you have to show that somehow there was something of a matter with the evidence produced that the VA relied on, but no doubt evidence inadequate or unpersuasive. Precisely, Your Honor, and the point that was presented, and this particular issue we're not asking for the Federal Circuit to review, but the CFHC should have reviewed de novo, is Dr. Ou, his opinion in light of the standards at 4.1, 4.2, 4.10, these are identified at page 10 of the principal brief, which required medical examinations to be based on all of the evidence of the file. Dr. Ou made specific findings about what facts were in the record that were contrary to what was actually in the record. It's his failure to consider the correct facts which raises the issue of whether his opinion is legally sufficient. In other words, he may be well entitled to his opinion about the medical issues. He is not entitled to his opinion about what the facts are. As I understand it, all that Dr. Ou did was to review the file, is that right? He did review the file, but he did not. She, I heard a she. Dr. Fleming is a she. Pardon? Dr. Fleming is a she. I just assumed Dr. Ou was a he, but I'm frankly not sure. I don't know. I thought what Dr. Ou did was after they had gotten the report from Dr. Bush, they sent it to Dr. Ou and he or she looked over the file and said, I agree that it had spread. Well, what we have, though, Dr. Bash based his opinion of no metastasis, or at least that it was insufficient to establish metastasis, because the bone scan was not correlated and Mr. Carey was symptomatic, had a history that was consistent with other diagnoses. It included his history of a diagnosis of arthritis, complaints of arthritic pain, and also, which both of the factors Dr. Ou denied were in the history. Again, you're getting into all the details of the evidence. Are you telling us that what the Court of Veterans' Appeals should have done is to say Dr. Ou's testimony was unreliable and therefore it should be disregarded? Yes, yes. In fact, it does not go to say it's unreliable to be disregarded. That seems to me says it's entitled to no right. I think the distinction, Your Honor, lies in Kent and Maltzer. Kent said that the sufficiency of the evidence is reviewed de novo, legal sufficiency of the evidence. Well, I don't know what you mean by legal sufficiency of the evidence. I mean, either the evidence is sufficient to support the finding or it isn't. Now, if you say that some evidence shouldn't have been considered, is that what you mean? Well, what we're saying, this is comparable in a civil trial for medical negligence or really any cause of action. If the expert has not properly considered or has not given consideration to all of the relevant facts, his opinion will not be admissible. It's not a question of how believable he is or how persuasive he is, but rather it's the essential defect in his opinion. This is particularly important in a case where the ultimate issue is really driven by the medical evidence. There is essentially no way to get review of the medical evidence on a clearly erroneous basis except unless the Board has not applied the legal standards that would make that evidence essentially admissible. In other words, in the trial situation, if the losing party appeals and says, Your Honor, the jury should never have heard that medical opinion, it's an issue of law. Did that medical opinion meet the requirements of the rules of evidence? That's analogous to what we're saying here. Dr. Ou's opinion, in pertinent part, did not comply with the Secretary's own regulations, which say what a medical opinion must do in order to be adequate or to be sufficient. So we're looking at did that opinion comply with the legal standards found in the regulations? That's not the issue here. The only issue here would be whether or not the CAVC should have reviewed that de novo as a matter of law. I'm going to thank you every bit of time. You're into it now. Thank you, Your Honor. May it please the Court. We respectfully ask this Court to dismiss Ms. Cary's appeal for lack of jurisdiction. The central question raised by Ms. Cary's appeal, as stated by her attorney, is what was the nature of the challenge that Ms. Cary presented to the Board? And what was the standard of review that the Veterans Court, excuse me, what was the nature of the challenge Ms. Cary made to the Veterans Court? And what was the standard of review the Veterans Court was to apply to this challenge? Now, in determining the nature of the challenge that Ms. Cary actually presented to the Veterans Court, the Veterans Court merely applied established law to the facts that were presented in the brief and the nature of the arguments made in Ms. Cary's brief. Did you say we have no jurisdiction at all in this case? Yes, because the Veterans Court determination, which is being challenged, was merely the application of established law. I understand that because she says the Veterans Court applied the wrong standard. It should have had a standard of review de novo. And the government, as I understand it, says the Veterans Court applied the correct standard. It's sufficiency of the evidence and weighing the evidence is for the Board. Why is that the application of established principles of the facts? In this case, it seems to me it's a standard of review, which is a legal question. Before we get to it, certainly it is our position that the Veterans Court applied the proper standard of review to Ms. Cary's challenge. But that's the issue. In her reply, she says the sole issue before this Court is whether the Veterans Court should have reviewed it de novo. Let me give you a different hypothetical. Suppose in this case what the Veterans Court had said was, we think in this sort of case we don't have to have substantial evidence to support the findings. It's enough if there's any evidence, even a mere scintilla is enough. And we looked over the record and we noticed there's a notice in the margin, something was written in the handwriting in the margin of one of the documents, his cancer has spread. And that's enough to say we therefore sustain it. We couldn't review the application of that standard? It seems to me if your argument is right, that we have no jurisdiction even to consider the standard, we couldn't review that case. And it seems to me if the Veterans Court has applied a grossly erroneous standard of review, we can correct that. Certainly that is the case. How do you distinguish the hypothetical I just put to you from this case? The way I distinguish it is because before we even get to the standard of review, the question is what challenge did she actually make? And the challenge that she actually made, as the Veterans Court found, was a factual sufficiency of the evidence challenge. And in the way that the Veterans Court came to its determination that this was the nature of the challenge was merely by applying established law to her brief. And the established law is that a legal sufficiency of the evidence challenge is when one is stating that a particular type of evidence is either competent or incompetent to support a claim. Whereas the factual sufficiency of the evidence challenge goes to whether or not certain particular pieces of evidence based upon the facts in the case should be given a particular way. Then what you seem to be saying, as I understand your argument, is that the issue that she raises to no one of you isn't properly presented in this case. It isn't because of the fact that that's not even what the Veterans Court decided. Isn't that something we have to review at least? Whether or not the Veterans Court properly decided what the nature of her challenge was? No, whether she raised the proper challenge. I find it very difficult when the argument is over the standard of review to be applied by the Veterans Court to be told that we have no jurisdiction over that. I have no question that when it comes to the question of whether or not this cancer had spread at the time of his initial examination, that's a factual question that we have no jurisdiction over. And I don't understand her to challenge that. But I find it troublesome that you're telling us we can't even consider whether the Court of Veterans Appeals applied the proper standard. Because of the fact that it's the Veterans Court's jurisdiction to determine what's the nature of the challenge presented to the Court. And the Court did that by applying established law on the distinction between these two types of challenges to Ms. Carey's briefs to them. So what do you say, how should we dispose of this case? Should we dismiss the appeal? It should be dismissed for lack of jurisdiction. But that's not what you said in your brief. In your brief you said we should affirm it. Maybe that was an error, but anyhow. What I'm troubled by in your brief, you say at the very end, at a conclusion on page 26, for the foregoing reason that this Court should affirm the Veterans Court's decision. I've seen other cases in which the government sometimes says that the Court should dismiss the appeal, or if it should conclude contrary to our submission that it has jurisdiction, it should then affirm the decision of the Veterans Court. But here you asked us to affirm it, and we can't affirm it if we have no jurisdiction over the appeal. Correct. And so perhaps I was not precise in the conclusion to the brief. But we believe that the appeal should be dismissed for lack of jurisdiction. Certainly we have the alternative argument that if the Court believes it has jurisdiction, the nature of the arguments that Ms. Carey made are, in fact, factual sufficiency of the evidence challenges. And there are three arguments that she makes, and it's clear that they're all on factual sufficiency evidence, and therefore the Veterans Court properly decided to not apply de novo review, and therefore it should be affirmed on that basis. There is an alternative, really, of reading Ms. Carey's appeal, which is that she believes the Veterans Court made a legal finding that legal sufficiency of the evidence challenges are to be reviewed under a clearly erroneous standard rather than a de novo standard. But a review of the Veterans Court decision shows that the Veterans Court never made this finding about what standard should apply to legal sufficiency claims. It rather found that she had made only a factual sufficiency claim and evaluated her arguments under the standards she requested, which was the arbitrary and capricious standard. And the Veterans Court looked at the way that the Board had weighed the various pieces of evidence and found that the Board's weighing of the evidence was not arbitrary and capricious, and therefore the Board's decision should stand. With respect to the question of whether this is a legal sufficiency or factual sufficiency evidence, I think that in our argument, Counsel for Ms. Carey, in making the analogy with respect to expert testimony, gets right to the heart of the issue, that the question truly is what was the weight to be given to these various pieces of evidence and not whether they're of a type that is either competent or not competent to support a claim. There's no contention, I take it, that any of these witnesses was not qualified in the sense that if they brought in as an expert witness a carpenter who was going to give testimony as to whether the cancer was spread, you'd say, well, the carpenter doesn't know anything about these things. There's no question that the basic argument seems to be that the Veterans, the Board, improperly evaluated the testimony of some of the witnesses. It should have said that one of these witnesses was not qualified, and maybe all of them weren't qualified, who supported the administration's position. I'm not sure that her argument is that they were not qualified as experts, but she lays out particular standards. I don't understand her to say that they weren't qualified as an expert, but what they did wasn't enough to support their conclusion. Yes, yes, and precisely there are three arguments that she makes. One is concerning the regional office's query that they placed to the team of VA doctors. And on that question, the legal question that she allegedly places is that it's improper for the regional office to limit the field of inquiry. However, when you actually review the Board's decision and the court's decision, it's clear that there was no legal finding made on this question. There was merely a factual determination that the opinions were that the cancer had metastasized. The Board's decision in this case seems to me to be extremely detailed, more detailed than most that I've seen. They went into all the evidence in great detail and evaluated it and explained the reasons for their conclusion. Yes, and the same is true with the other two arguments that she makes. It's clear that neither the Board nor the court made any determinations, contrary to what she's saying, about the legal sufficiency of the evidence. There is no dispute regarding the standards that should apply to the evidence. There's no dispute about the fact that medical opinions should be reconciled with other medical opinions. There's no dispute that an opinion based on inaccurate factual premise has no probative value. So there are no legal sufficiency of the evidence questions. What the dispute is about the underlying facts, whether indeed these medical opinions were based on inaccurate factual premises, whether indeed these medical opinions reconciled the other medical opinions. So because Ms. Carey made it actually a factual sufficiency evidence challenge to the Veterans Court, and because the Veterans Court merely established law to Ms. Carey's appeal, found that these were truly factual sufficiency challenges that were not subject to de novo review, this court does not have jurisdiction in the alternative. If this court finds that it does have jurisdiction to consider whether or not the Veterans Court properly characterized her challenge, we submit that all three of the arguments made were truly factual sufficiency of the evidence challenges. For this reason, we respectfully ask that this court dismiss Ms. Carey's appeal for lack of jurisdiction or in the alternative. If there is jurisdiction, affirm the Veterans Court. Thank you. Thank you, Your Honor. The court did not find that Ms. Carey made only a factual sufficiency claim. It found just the opposite. At page three of the record, the court expressly says and acknowledges that Ms. Carey has asserted error on grounds of legal sufficiency of the evidence. Legal sufficiency of the evidence and factual sufficiency of the evidence are two different animals, as Kent v. Waltzer shows. The question... Sounds like you're saying every time there's an issue as to whether there was sufficient evidence, that that comes up here as a question of law. No. I think the question is whether or not the Court of Veterans' Appeals reviewed just as a trial court would, was there a legally correct decision made on admissibility, taking into account what the law requires an opinion to be. So you're challenging the admissibility of this medical opinion? Challenging whether it met the requirements of statute and regulations, and as interpreted by CABC case law. Did you raise that issue before the Court of Appeals for Veterans' Claims? We did argue, Your Honor, indeed, that Dr. Ou's opinion did not comply with specific regulatory provisions regarding what a medical examination or a medical examiner must do. Yes, we did. And did you raise that issue in your brief here? I don't think that issue is before the Court because the review in the Veterans' Court was on a clearly erroneous standard, and that's the only issue we have presented here, whether or not the Veterans' Court must review whether the evidence complies or is consistent with the requirements of law, or whether there is a defect in the medical opinion because of noncompliance with law, is an issue that has to be reviewed de novo, at least in the first instance, by the CABC. The Veterans' Court, presumably, could conclude that there was no violation. Did you ask the Veterans' Court to review this evidence de novo? We argued throughout our brief that it was a legal sufficiency issue. Did you actually say the Court should review this de novo? We did not, Your Honor. You did not? No. Then why should we get into that if you didn't even raise it before the Court? Well, because the legal sufficiency of the evidence is, as a matter of law, a legal issue. No, but if you had raised, if you had said to the Veterans' Court, which I gather you didn't say, now, in deciding this issue, you should decide it de novo, and if the Veterans' Court had agreed with you, you might have prevailed in the Veterans' Court Your Honor, I think that the Veterans' Court, the fact that the Veterans' Court acknowledges that, the appellant argues that the medical examinations are legally insufficient, and then concluded that the Board's decision was not clearly erroneous, indicates an understanding of the Court. But I want to be very clear on this, that you did not argue before the Veterans' Court that review should be de novo. We did not use those specific words. Exclusively. Yes, you're correct, Your Honor. All right. Thank you. Thank you, Your Honor. The case is submitted.